KEN STANDARD CORPORATION *v.* RHODES ET AL.

[No. 18,371. Filed March 12, 1953. Rehearing denied April 7, 1953. Transfer denied May 12, 1953.]

*W. C. Welborn, Milford M. Miller* and *Welborn & Miller,* of Evansville, for appellant.

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparrenberger, Eugene P. Fine* and *Edward E. Myer* (of Counsel), all of Evansville, for appellee, Paul H. Rhodes.

ROYSE, C. J.—This appeal presents in a slightly different manner one of the same questions before us in the case of *Yost* v. *McCarty* (1952), 123 Ind. App. 288, 108 N. E. 2d 718, Transfer Denied (1953).

Appellee, Rhodes, brought this action for money had and received against appellee, Yost. The basis of Rhodes' action was a contract identical in form to the contract set out in the opinion in the above cited case except in this case Rhodes was given the right to purchase 2125 shares of stock. The pleadings between the appellees herein were substantially the same as in that case. After this case was at issue between said appellees, the appellant herein sought to intervene as a party defendant. In its petition it set out the Board's resolution as to a bonus referred to in the first case. It also referred to another resolution of the Board adopted subsequent to the time involved in this action. It further averred Rhodes had violated his contract and that his conduct had caused appellant grievous loss and litigation. With its petition it tendered its answer to appellee Rhodes' complaint. The trial court denied the petition and refused to permit appellant to file its tendered answer. This action of the trial court is the sole question presented by this appeal.

In the McCarty case we said in reference to the contract:

". . . The contract between the parties herein was originally a parol agreement entered into November 30, 1945. This was more than two years before the resolution was adopted by the Director of Ken Standard Corporation. The contract between the parties, in our opinion, gave appellee the right to purchase 425 shares of the stock of the corporation at a price of $3.40 per share. She could purchase this outright regardless of the payment of a bonus by the corporation. On the other hand, under the terms of the contract she was required to apply any bonus paid her by the Corporation to the purchase of the stock until the 425 shares were fully paid for. Her complaint avers she made payments in 1946 and 1947, and that appellant received said sums for that purpose and refused to

transfer and assign to her the shares of stock to which she was entitled under the contract. It is to be noted the first of these payments was made before the resolution of the Board was adopted. In our opinion the contract sued upon in this action was an agreement solely between the parties hereto. *The corporation was not a party to it and could not be bound by its terms. . . .*" (Our emphasis.)

So in this case the contract was solely between the appellees herein. Any grievance appellant had against appellee Rhodes would not be affected by this action.

Therefore, on the authority of the above cited case we hold the trial court did not err in denying the petition of appellant to intervene and file its answer to the complaint of appellee Rhodes. Appellee, Yost, did not file an answer brief in this case.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 2d 859.